Peter M. Daly, J.
This is an application under section 964 of the Penal Law to restrain the defendants from the use of the trade name “ Masters Guild.”
Petitioner’s name is the family name of its principal officer and cofounder. It has been doing business under the name of ‘ ‘ Masters, Inc. ’ ’ since 1937, dealing in various types of merchandise and selling to the public at discount. Petitioner has spent large sums of money in advertising its name and the merchandise in which it deals.
Respondents began doing business as “ Masters Guild ” on April 8, 1958 and began to advertise under that name on June 15, 1958, emphasizing the name “ Masters ” and stating “ Over 50 years — serving over a half million homes in N. Y. ’ ’. Indeed, several of the advertisements even omitted the word “ Guild ”.
When petitioner’s demand for the discontinuance of the name “ Masters ” was not honored, this proceeding was commenced, on the ground that the name ‘ ‘ Masters ’ ’ was adopted solely for the purpose of capitalizing on petitioner’s reputation and good will and misleading the public. Although the petitioner does not deal in upholstery, as do the respondents, the fact remains that both deal in furniture, draperies and other similar household merchandise. In any event, proof of competition is not essential to sustain its right to relief where the similarity of name used tends or threatens to induce confusion in the public mind. (Sullivan v. Sullivan Radio & T.V., 1 A D 2d 609 and the authorities there cited.)
Respondents Feldschuh and Meyers who, together with the respondent Henry Gordon, filed the certificate of doing business under an assumed name, state in their affidavit that they severed their association with respondent Gordon after the first few advertisements, and that those which thereafter appeared in *994 the newspapers were placed solely by respondent Gordon; that they are concurrently filing a certificate of discontinuance of business as partners. They conclude: “ Speaking for ourselves only, we state that we have no objection to any order prohibiting the use of the name ‘ Masters ’. We have no control over the actions or proceedings of Mr. Gordon, and disclaim any and all responsibility for his aforesaid actions or proceedings.”
Respondent Gordon, however, vigorously opposes this application and argues that the statute, pursuant to which it is made, is penal in nature and consequently “ the civil remedy provided therein must of necessity be dependent upon the establishment of a criminal intent on the part of the Respondent, a specific intent to deceive and in the absence of same, an injunction cannot be granted under this section.”
In holding that the right to an injunction in a proceeding of this kind must be established in a clear and convincing manner, the Court of Appeals recently stated: ££ That does not mean, however, that the right may be defeated by a bare denial of intent to deceive or mislead the public. The proceeding £ will still lie where the respondent fails by affidavit to establish a true issue of fact ’, and insubstantial or incredible averments will not suffice to raise such an issue.” (Matter of Playland Holding Corp. v. Playland Center, 1 N Y 2d 300, 303.)
In the case at bar, the intrinsic and objective circumstances, about which there can be no issue, establish respondents’ intent to appropriate in substantial part the name, good will and prestige of the petitioner and thereby tend to mislead and deceive the public.
The application is accordingly granted to the extent of restraining respondents from using the name ££ Masters ” in their business or any other simulation, derivation or approximation thereof, either alone or in conjunction with other words.
Settle order.